**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CIVIL ACTION NO. 07-172-JBC**
**CRIMINAL ACTION NO. 05-66-JBC**

**DOUGLAS INGRAM,**                                                                  **MOVANT,**

**V.**                           **MEMORANDUM OPINION AND ORDER**

**UNITED STATES,**

                                                                                          **RESPONDENT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on objections (R. 59)[1] by the movant, Douglas

Ingram, to the Magistrate Judge's Report and Recommendation (R. 58) to deny the

defendant's motion to vacate or set aside his sentence under 28 U.S.C. § 2255 (R.

42) and grant the United States's motion to dismiss the defendant's motion (R.

47).  The court, having reviewed the record *de novo* in light of Ingram's objections,

28 U.S.C. § 636(b)(1)(c), will adopt the Magistrate Judge's Report and

Recommendation.  To the extent that Ingram does not specifically object to the

report and recommendation, the court concurs in the result recommended by the

Magistrate Judge.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *Howard v.*

*Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Ingram knowingly and voluntarily waived his right to attack his sentence

_____

[1]All record numbers in this opinion will refer to the docket of the defendant's
associated criminal case, 05-CR-66.

1

collaterally under § 2255 when he entered into a plea agreement on January 13, 2006.  R. 23.  A defendant in a criminal case "may waive 'any right, even a constitutional right,' by means of a plea agreement."  *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).  In order for such a waiver to be valid, however, Ingram must have entered into the plea agreement knowingly and voluntarily.  *Id.* at 764.  Furthermore, "when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 USC § 2255."  *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (noting every circuit to address the issue "has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing").

On January 13, 2006, Ingram signed a written plea agreement that explicitly states:

> The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction.  The Defendant also waives the right to appeal and the right to attack collaterally any sentence that does not exceed fifteen years.

R. 23, at 3, ¶ 9.  On the last page of the agreement, Ingram and his attorney signed and acknowledged that "the Defendant understands this Agreement, that

the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary."  R. 23, at 4, ¶ 15.

An exception to the prohibition against collateral attack after wavier of that right exists where the defendant attacks the very validity of the waiver itself.  *In Re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  Here, Ingram objects to the Magistrate Judge's report and recommendation by arguing that the waiver is invalid because, due to ineffective assistance of counsel, it was not entered into knowingly, intelligently, and voluntarily.  R. 59, at 3.

Specifically, the defendant argues that his waiver was not knowing and voluntary because he received "unprofessional advice" from his attorney regarding his guilty plea.  R. 59, at 2.  Allegedly, Ingram's counsel only once discussed with him what Ingram deems the "ambiguous" (R. 59, at 3) provision in his plea agreement that states:

> The defendant understands that because he has three prior violent felony convictions, he may qualify as a Armed Career Criminal under 18 U.S.C. Section 924(e).  The statutory punishment for an Armed Career Criminal is not less than 15 years in prison, a fine of not more than $250,000., or both, and a term of supervised release of not more than five years.  A mandatory special assessment of $100.00 applies, as well.

R. 23, at 2, ¶ 4.  Ingram further alleges that "exhibit 1" supports his claim of an involuntary plea.  "Exhibit 1" is the seventh page of a pre-sentence investigative report from 1982 that lists an Alabama burglary conviction Ingram believes was improperly used as the basis of his armed career criminal (ACC) sentence

enhancement.  Ingram claims to have presented "exhibit 1" to his attorney, who he says failed to use, file, or present it to the court.  In fact his attorney did object to Ingram's designation as an armed career criminal and the court considered several documents in support of that challenge, although it eventually overruled the objection.  R. 40; R. 39, at 5-15.

Despite Ingram's objection to the report and recommendation based on ineffective assistance of counsel, the record supports enforcement of the waiver in his plea agreement.  *See United States v. Harding*, 2008 WL 4073393, at *13 (E.D. Ky. Aug. 29, 2008).  Transcripts of Ingram's plea and sentencing hearings refute his claim that his guilty plea was unknowing, unintelligent, and involuntary. Specifically, at Ingram's re-arraignment, this court conducted a Rule 11 colloquy, during which Ingram's attorney affirmed and the court found that Ingram was competent to plead.  R. 44, at 6, 22, 23.  *See United States v. Gilbreath*, 2003 WL 192122, at **2 (6th Cir. 2003).  That same day, Ingram signed a written plea agreement containing the waiver provision, and Assistant United States Attorney Laura Voorhees also read that provision aloud to him.  Ingram affirmed that he heard and understood it and also confirmed that he signed the plea agreement voluntarily and gave up his right of appeal and collateral attack voluntarily.  R. 44, at 9–11.  The court carefully clarified that Ingram was subject to a mandatory minimum sentence of fifteen years, and that if he received a sentence of that length, he could not appeal it.  *See generally* R. 44, at 10–18.  As the Magistrate

4

Judge pointed out, Ingram repeatedly affirmed in open court that he understood the length and nature of his sentence. *Id.* Notably, Ingram's responses to all questions were under oath, and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). During that hearing, the court also accepted the defendant's guilty plea and conditionally accepted his plea agreement.[2] R. 44 at 23.

On June 9, 2006, the court continued Ingram's sentencing hearing in light of possible objections to his designation as an armed career criminal. R. 41, at 7–9. His final sentencing hearing was held on March 2, 2007, when the court took up both Ingram and his attorney's objections to that designation, and the government's response. R. 39, 5–10. Ingram's dialogue with the presiding judge was well-informed, albeit unpersuasive to the court, as he cited sections of the federal sentencing guidelines in support of his position. R. 39, at 10. That said, Ingram cannot now claim that his plea was anything but voluntary and knowing, and his waiver valid. Ultimately, Ingram was sentenced to fifteen years, which forecloses this collateral attack. *Id.* at 15.

At its heart, Ingram's claim of ineffective assistance of counsel goes to the issue of sentencing, not to the validity of his plea or waiver. *See Sutton v. United States*, Case No. 1:03CR-8R, 2007 WL 3237161, at *4 (W.D. Ky. Oct. 31, 2007).

---

[2]The regular practice of the court is to accept a plea agreement conditionally at the change-of-plea hearing. The court waits until the sentencing hearing before it fully accepts the plea agreement.

"[T]he law falls squarely against" Ingram's "attempt to challenge the calculation of his sentence via a claim of ineffective assistance of counsel." *United States v. Thompson*, 2008 WL 6506506, at *13 (W.D. Ky. Nov. 7, 2008).  Because the record reveals Ingram made a knowing and voluntary waiver, Ingram's ineffective assistance of counsel claim is untenable. *See United States v. Barnes*, 2007 WL 2848773, at *2 (E.D. Ky. Sept. 25, 2007).

Ingram further objects to the report and recommendation on the basis that his sentence exceeds the statutory maximum of ten years set forth in 18 USC § 922(g)(1).  Although an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded, *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006), Ingram's § 2255 motion and objections to the report and recommendation are not appeals, so a sentence challenge may not be raised here.  In his plea agreement, Ingram also waived the right to collaterally attack any sentence that does not exceed fifteen years, which his does not. Because this objection regarding the statutory-maximum sentence is unrelated to the validity of his waiver, it cannot be considered.  Even if the court were to consider the merits of his sentence challenge, Ingram's claim would fail.  Ingram's counsel argued for him not to be designated as an armed career criminal, but the court found that Ingram had three prior violent felony convictions which qualified him for an enhanced sentence.  R. 39, at 12-15.

Ingram's third objection to the Report and Recommendation is that the

6

Magistrate Judge did not "take into account [his] collateral estoppel claim."  Even though a petition is reviewed under a more lenient standard where, as here, the petitioner is not represented by an attorney, Ingram's plea agreement forecloses this objection.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  Just like the two objections above, this objection cannot be construed as a challenge to the validity of Ingram's waiver itself, so it fails.  It would also fail on its merits.  Ingram correctly asserts that the Magistrate Judge did not address the claim he has variously argued as a violation of double jeopardy, claim and issue preclusion, and collateral estoppel, but the essence of those arguments is factually incorrect.  *See* R. 42; R. 55; R. 59.  Ingram contends that the government is prohibited from "relitigating this issue" of the Alabama burglary, but never during the proceedings in the Eastern District of Kentucky has the Alabama burglary been re-litigated.  This court has not considered Ingram's guilt anew, but merely applied an Alabama conviction under a federal statutory scheme to calculate Ingram's ACC enhancement and corresponding sentence.

The record clearly supports the conclusion that Ingram knowingly, intelligently, and voluntarily waived his right to appeal or collaterally challenge his guilty plea, conviction, and sentence not longer than fifteen years.  His objections, which amount to an underlying challenge to his designation as an armed career criminal and corresponding sentence, cannot be considered in this proceeding.

The court will not issue Ingram a certificate of appealability (COA) pursuant

to 28 U.S.C. § 2253(c). *See* RULE 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2009) ("The district court must issue or deny a certificate of appealability where it enters a final order adverse to the applicant."). That section permits the issuance of a COA only if Ingram has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) Reasonable-minded jurists would not find either debatable or wrong the assessment herein of the petitioner's constitutional claims regarding ineffective assistance of counsel and collateral estoppel, as both are precluded by his plea agreement and fail factually. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Thus, the court will not issue a COA.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (R. 42) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the United States' motion to dismiss defendant's collateral attack (R. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (R. 42 in Case No. 05-66, R. 1 in Case No. 07-172) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this court **WILL NOT ISSUE** a certificate of appealability, pursuant to 28 U.S.C § 2253(c).

Signed on  January 7, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

9